JUDGE RAMOS

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*HICKIES, Inc.*

17 CV 9101

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HICKIES, INC.<br>*Plaintiff*<br><br>v.<br><br>SHOP1668638 STORE A/K/A PROFESSIONAL SHOES COMPANY, ZHAOQING GAOYAO CHANGSHI METAL CRAFTS CO., LTD., DONGGUAN UNIFRIEND INDUSTRIAL CO., LTD., BLINGBLINGBLINGGIRLS, SHENZHEN FENGSHOU TECH LIMITED D/B/A DVDBOY, SEALS 168 GLOBAL TRADE WHOLESALE CO., LTD., DONGGUAN XINGZHONG SILICONE & PLASTIC PRODUCT CO., LTD., YIWU V&S CRAFTS CO., LTD., DRAWNSUN TECHNOLOGY CO., LTD. D/B/A HKANJIE, SHENZHEN G-FUN TECHNOLOGY CO., LIMITED, CHRISTINE15720, YIWU UNAI PROMOTION GIFT CO., LTD., ZHONGSHAN HUALIAN GARMENT ACCESSORY CO., LTD., ZHAOQING GAOYAO YING YA SILICONE TECHNOLOGY CO., LTD., SHENZHEN LUCKCASE RUBBER & PLASTIC PRODUCTS CO., LTD., UMWIN, ZHAOQING YING FENG CRAFT GIFT CO., | **CIVIL ACTION No. ___**<br><br><br><br>**COMPLAINT**<br><br>**Jury Trial Requested**<br><br>**FILED UNDER SEAL** |

LTD., KEN XIN TRADING CO., LTD. D/B/A
LIJUAN002X, HUNAN DOUBLE BULLS
GIFTS CO., LTD.,
*Defendants*

Plaintiff, HICKIES, Inc. ("HICKIES" or "Plaintiff"), a corporation organized and existing under the laws of the State of Delaware, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.      This action involves claims for trademark infringement of HICKIES' federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq*.; counterfeiting of HICKIES' federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of HICKIES' federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.; and related state and common law claims (the "Action"), arising from the infringement of the HICKIES Marks (as defined *infra*) and/or the HICKIES Works (as defined *infra*) by Shop1668638 Store a/k/a Professional Shoes Company, Zhaoqing Gaoyao Changshi Metal Crafts Co., Ltd., Dongguan Unifriend Industrial Co., Ltd., Blingblingblinggirls, Shenzhen Fengshou Tech Limited d/b/a Dvdboy, Seals 168 Global Trade Wholesale Co., Ltd., Dongguan Xingzhong Silicone & Plastic Product Co., Ltd., Yiwu V&S Crafts Co., Ltd., Drawnsun Technology Co. Ltd. d/b/a hkanjie, Shenzhen G-FUN Technology Co., Limited, christine15720, Yiwu Unai Promotion Gift Co., Ltd., Zhongshan Hualian Garment Accessory Co., Ltd., Zhaoqing Gaoyao Ying Ya Silicone Technology Co., Ltd., Shenzhen Luckcase Rubber & Plastic Products Co., Ltd., Umwin, Zhaoqing Ying Feng

Craft Gift Co., Ltd., Ken Xin Trading Co., Ltd. d/b/a Lijuan002x, Hunan Double Bulls Gifts Co., Ltd. (hereinafter collectively referred to as "Defendants" or individually as "Defendant") including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, infringing and/or counterfeit versions of HICKIES' authentic HICKIES Products (as defined *infra*).

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to HICKIES in

3

New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

    a.  Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with the Digital Marketplaces (as defined *infra*) held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts") on the Alibaba.com, AliExpress.com and DHGate.com online marketplace platforms, through which consumers in the U.S., including New York, can view Defendants' Online Accounts (as defined *infra*), communicate with Defendants regarding their listings for Infringing Products (as defined *infra*) and place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

    b.  Upon information and belief, Defendants are sophisticated sellers operating commercial businesses through their respective User Accounts through which Defendants offer for sale and/or sell Infringing Products in wholesale quantities at significantly below-market prices to consumers worldwide ("Defendants' Online Accounts"), including to consumers in the U.S., and specifically in New York.

    c.  Upon information and belief, a majority of Defendants' Online Accounts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S., which make up significant percentages of Defendants' total revenues (which are estimated, in several cases, to be in the millions of

dollars).

d.  Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.  Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Infringing Products.

f.  Upon information and belief, Defendants are aware of HICKIES, its HICKIES Products (as defined *infra*), HICKIES Marks and HICKIES Works and are aware that their infringing actions, alleged herein, are likely to cause injury to HICKIES in the U.S., in New York and in this judicial district specifically, as HICKIES conducts substantial business in New York, and is headquartered in New York.

4.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in this judicial district.

## THE PARTIES

5.    Plaintiff HICKIES, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 134 N. 4th Street, 2nd Floor, Brooklyn, NY 11429.

6.    Upon information and belief, Defendant Shop1668638 Store a/k/a Professional Shoes Company is a merchant selling on AliExpress.com, at https://aliexpress.com/store/1668638, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

7.     Upon information and belief, Defendant Zhaoqing Gaoyao Changshi Metal Crafts Co., Ltd. is a merchant on Alibaba.com, at https://changshilipin.en.alibaba.com/, where is offers for sale and/or sells Infringing Products with a principal place of business of Plant 3, (Zhaojiang Road) Jinxing, Xitou Village, Jindu Town, Gaoyao Dist., Zhaoqing, Guangdong, China (Mainland).

8.     Upon information and belief, Defendant Dongguan Unifriend Industrial Co., Ltd. is a merchant on Alibaba.com, at https://unifriendcn.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 3, Yingang North Road, Hengli Town, Dongguan, Guangdong, China (Mainland).

9.     Upon information and belief, Defendant blingblingblinggirls is a merchant on DHgate.com, at https://www.dhgate.com/store/20669728, where it offers for sale and/or sells Infringing Products with a principal place of business in Henan, China (Mainland).

10.     Upon information and belief, Defendant Shenzhen Fengshou Tech Limited d/b/a Dvdboy is a merchant on DHgate.com, at https://www.dhgate.com/store/14216821, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

11.     Upon information and belief, Defendant Seals 168 Global Trade Wholesale Co., Ltd. is a merchant on DHgate.com, at https://www.dhgate.com/store/seals168, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

12.     Upon information and belief, Defendant Dongguan Xingzhong Silicone & Plastic Product Co., Ltd. is a merchant on Alibaba.com, at https://xingyuansilicone.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of Floor 2, Bldg.

A, Hengquan Industrial Area, Kangle Road, Hengli Town, Dongguan, Guangdong, China (Mainland).

13.     Upon information and belief, Defendant Yiwu V&S Crafts Co., Ltd. is a merchant on Alibaba.com, at https://v-sintl.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 2, Bldg. 1, Yinhai 2nd Zone, Choucheng Street, Yiwu, Zhejiang, China (Mainland).

14.     Upon information and belief, Defendant Shenzhen Drawnsun Technology Co., Ltd. d/b/a Hkanjie is a merchant on DHgate.com, at https://www.dhgate.com/store/14775149, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

15.     Upon information and belief, Defendant Shenzhen G-FUN Technology Co., Ltd. is a merchant on Alibaba.com, at https://g-fun.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 401, Floor 4, Bldg. 3, Hongsheng Tech Park, No. 4336, Baoan Road, Xixiang Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

16.     Upon information and belief, Defendant Christine15720 is a merchant on Dhgate.com, at https://www.dhgate.com/store/19970553, where it offers for sale and/or sells Infringing Products with a principal place of business in Jiangxi, China Mainland).

17.     Upon information and belief, Defendant Yiwu Unai Promotion Gift Co., Ltd. is a merchant on Alibaba.com, at https://ungift.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 301 Room, Unit 6, Building 50, Duyuan, Yiwu, Zhejiang, China (Mainland).

18.     Upon information and belief, Defendant Zhongshan Hualian Garment Accessory Co., Ltd. is a merchant on Alibaba.com, at https://hl-accessory.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Building 2, No. 86, Shenli Road, Tanzhou Town, Zhongshan, Guangdong, China (Mainland).

19.     Upon information and belief, Defendant Zhaoqing Gaoyao Ying Ya Silicone Technology Co., Ltd. is a merchant on Alibaba.com, at https://yingya.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 15, Jianshe Road, High-Tech Zone, Zhaoqing, Guangdong, China (Mainland).

20.     Upon information and belief, Defendant Shenzhen Luckcase Rubber & Plastic Products Co., Ltd. is a merchant on Alibaba.com, at https://luckcase.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of, West of 5th Floor, Bldg. B6, Yinlong Industrial City, No. 292, Longgang Sec., Shenshan Road, Longdong Community, Longgang Street, Longgang District, Shenzhen, Guangdong, China (Mainland).

21.     Upon information and belief, Defendant Umwin is a merchant on DHgate.com, at https://www.dhgate.com/store/14187492, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

22.     Upon information and belief, Defendant Zhaoqing Ying Feng Craft Co., Ltd. is a merchant on Alibaba.com, at https://yf-silicone.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 15, JianShe Road, Midcity Industrial Estate, Dawang Hi-Tech Zone, Zhaoqing, Guangdong, China (Mainland).

23.     Upon information and belief, Defendant Ken Xin Trading Co., Ltd. d/b/a Lijuan002x is a merchant on DHgate.com, at https://www.dhgate.com/store/14026681, where it

offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

24.     Upon information and belief, Defendant Dongguan Hunan Double Bulls Gifts Co., Ltd. is a merchant on Alibaba.com, at https://doublebulls.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 11-2003, Runhe Zijun, Yueliangdao Street, Wangcheng Dist., Changsha, Hunan, China (Mainland).

## GENERAL ALLEGATIONS

### HICKIES and Its Well-Known HICKIES Products

25.     HICKIES, Inc. was incorporated in 2011 and introduced its product in 2012 with a successful Kickstarter campaign. HICKIES is a footwear accessories company that produces the incredibly popular, no-tie shoelace alternative sold under the brand HICKIES ("HICKIES Products"). Images of the HICKIES Products are attached hereto as **Exhibit A** and incorporated herein by reference.

26.     The HICKIES Products allow adults and children to take their shoes on and off without the need to tie or untie each time. HICKIES' appeal and popularity comes from the HICKIES Products' ability to keep a wearer's shoes tight and secure, while still looking fashionable and stylish, as the HICKIES Products can be customized to fit an individual's desired tightness. The HICKIES Products have been recognized for their distinctive bright and colorful appearance and the versatility they provide to wearers.

27.     The HICKIES Products are sold at retailers in over forty (40) countries, and can also be purchased online at Amazon.com and at HICKIES' website, available at https://www.hickies.com/ (the "Website"). To date, HICKIES has sold over four (4) million units.

28.     Since the launch of HICKIES approximately five (5) years ago, the HICKIES Products have been featured in numerous press publications, including Forbes Magazine, Glamour and Shape, among others.

29.     The HICKIES Products typically retail for $11.99 for children and $17.99 for adults.

30.     While HICKIES has gained significant common law trademark and other rights in its HICKIES Products through use, advertising and promotion, HICKIES has also protected its valuable rights by filing for and obtaining federal trademark registrations.

31.     For example, HICKIES owns U.S. Trademark Registration No. 5,008,264 for "HICKIES" for a variety of products in Class 9 and Class 26 and U.S. Trademark Registration No. 4,200,125 for "HICKIES" for certain products in Class 26 and U.S. Trademark Registration No. 4,882,758 for "K HICKIES" for certain products in Class 26 (collectively, the "HICKIES Marks"). True and correct copies of the certificates registration for the HICKIES Marks are attached hereto as **Exhibit B** and incorporated herein by reference.

32.     The HICKIES Marks are currently in use in commerce in connection with the HICKIES Products. The HICKIES Marks were first used in commerce on or before the dates of first use as reflected in the respective registration and application attached hereto as **Exhibit B**.

33.     In addition, HICKIES also owns both registered and unregistered copyrights related to the HICKIES Products.

34.     HICKIES has protected its valuable rights by filing for and obtaining U.S. copyright registrations relating to the HICKIES Products.  HICKIES is the owner of the following U.S. Copyright Registrations (true and correct copies of the U.S. Copyright

registration certificates for the HICKIES Works are attached hereto as **Exhibit C** and incorporated herein by reference)

        a.     U.S. Copyright Registration No. VA 1-918-449, covering the HICKIES First Kickstarter Campaign Photos, as depicted beneath:



        b.     U.S. Copyright Registration No. VA 1-924-241, covering the HICKIES Lace Diagram, as depicted beneath:



c.     U.S. Copyright Registration No. VA 1-880-705, covering the Shoe One Through Five Drawing, as depicted beneath:



d.     U.S. Copyright Registration No. VA 1-880-677, covering the Multicolored HICKIES Cross Legged Photo, as depicted beneath:



35.     U.S. Copyright Registration No. VA 1-918-449, U.S. Copyright Registration No. VA 1-924-241, U.S. Copyright Registration No. VA 1-880-705 and U.S. Copyright Registration No. VA 1-880-677 are collectively referred to as the "HICKIES Works."

36.     HICKIES has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in the HICKIES Products, HICKIES Marks and HICKIES Works.

37.     The success of the HICKIES Products is due in part to HICKIES' marketing and promotional efforts.  These efforts include advertising and promotion through social media, the Website, retailer websites and other internet-based and print advertising, among other efforts domestically and abroad, including New York.

38.     HICKIES' success is also due to its use of high quality materials and processes in making the HICKIES Products.

39.     Additionally, HICKIES owes a substantial amount of the success of the HICKIES Products to its consumers and word-of-mouth buzz that its consumers have generated, as well as the HICKIES Products being highly recognized among fashion influencers and celebrities, which further contributes to their popularity.

40.     HICKIES' efforts, the quality of its HICKIES Products, its marketing, promotions and distribution efforts, as well as the word-of mouth-buzz generated by its consumers, have made the HICKIES Products, HICKIES Marks and HICKIES Works prominently placed in the minds of the public.  Members of the public have become familiar with HICKIES Products, HICKIES Marks and HICKIES Works, and associate them exclusively with HICKIES. HICKIES has acquired a valuable reputation and goodwill among the public as a result of such associations.

13

41.     HICKIES has gone to great lengths to protect its interests in and to the HICKIES Products, HICKIES Marks and HICKIES Works.  No one other than HICKIES is authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the HICKIES Marks or HICKIES Works without the express written permission of HICKIES.

### The Digital Marketplaces and Defendants' Online Accounts

42.     Alibaba.com, AliExpress.com, and DHgate.com are global online marketplaces which allow manufacturers, wholesalers, and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell, and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York (hereinafter collectively referred to as the "Digital Marketplaces").

43.     As the leaders of China's e-commerce and digital retail market, the Digital Marketplaces have generated hundreds of billions in sales worldwide.[1]  International markets, including the U.S., make up a significant percentage of the Digital Marketplaces' sales.  For example, in the last fiscal year, revenue from international retail sales grew by 25% on AliExpress.com to $342 million and 15% on Alibaba.com to $841 million.[2]  The press reported that the growth in sales on AliExpress.com resulted from an increase in the number of buyers, particularly from the U.S., as well as other large countries like Russia and Brazil.[3]  Additionally, according to *Business Insider*, excluding China, the U.S. was among the top five countries with packages coming from Alibaba's marketplaces on the company's "Singles' Day" (often

---

[1] *See* Kenneth Rapoza, *Jack Ma's Alibaba Promises Huge Sales Boom, $910 Billion In Merchandise Volume By 2020*, FORBES (Jun. 15, 2016), http://www.forbes.com/sites/kenrapoza/2016/06/15/jack-ma-foretells-huge-sales-boom-for-chinese-e-commerce-giant-alibaba/#78d364486b52.

[2] *See* Frank Tong, *Alibaba's annual web sales easily surpass U.S. e-retail sales*, DIGITALCOMMERCE360.COM (May 5, 2016), https://www.internetretailer.com/2016/05/05/alibabas-annual-web-sales-easily-surpass-us-e-retail-sales.

[3] *See* Frank Tong, *An Alibaba site sells $4.5 billion in one year to consumers outside of China*, DIGITALCOMMERCE360.COM (Sept. 11, 2014), https://www.internetretailer.com/2014/09/11/alibaba-site-sells-45-billion-one-year-consumers-outs.

compared to the U.S.'s Cyber Monday) in 2015, which resulted in over $14 billion in sales in one day.[4] Further, DHgate.com offers 25 million consumer products from 1.2 million suppliers for sale on their platform and attributes over half of their sales to U.S. buyers alone.[5]

44.     As recently addressed in the *Wall Street Journal*, *Fortune* and the *New York Times*,[6] and as reflected in the federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the Digital Marketplaces,[7] an astronomical number of counterfeit and infringing products are offered for sale and sold on the Digital Marketplaces at a rampant rate.

45.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their Online Accounts on the Digital Marketplaces.

46.     Through their Online Accounts, Defendants offer for sale and/or sell consumer products, including Infringing Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

---

[4] *See* Bob Bryan, *Alibaba just proved it's more than just some Chinese company*, BUSINESS INSIDER (Nov. 15, 2015), http://www.businessinsider.com/alibaba-international-expansion-2015-11.

[5] *See* Nona Tepper, *U.S. buyers account for half the sales on Hong Kong-based wholesale site DHgate.com*, DIGITALCOMMERCE360, (Jun. 22, 2015), https://www.internetretailer.com/2015/06/22/us-buyers-account-half-sales-dhgatecom.

[6] *See* Kathy Chu, *Alibaba Vows Crackdown on Fakes Amid Trade Group Controversy*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-vows-crackdown-on-fakes-amid-trade-group-controversy-1463127605?; Scott Cendrowski, *Chinese Regulator Again Calls Out Alibaba for Counterfeit Goods*, FORTUNE (Aug. 10, 2016), http://fortune.com/2016/08/11/alibaba-counterfeit-goods-regulator/; *see also* Kathy Chu, *Alibaba Suspends From Anticounterfeiting Group*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-suspended-from-anticounterfeiting-group-1463170527?tesla=y; Michael Schuman, *A Small Table Maker Takes On Alibaba's Flood of Fakes*, N.Y. TIMES (Mar. 18, 2017), https://www.nytimes.com/2017/03/18/business/alibaba-fake-merchandise-e-commerce.html.

[7] *See* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba*, MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611; Gilian Wong, *Alibaba Sued Over Alleged Counterfeits*, WALL STREET JOURNAL (May 17, 2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem*, FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end-in-sight-for-alibabas-counterfeit-problem/.

## Defendants' Wrongful and Infringing Conduct

47. Particularly in light of HICKIES' success, the HICKIES Products, as well as the reputation they have gained, HICKIES and its HICKIES Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation and fame that HICKIES amassed in its HICKIES Products, HICKIES Marks and HICKIES Works.

48. HICKIES investigates and enforces against such activity, and through such efforts, learned of Defendants' actions which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with one or more of the HICKIES Marks and/or HICKIES Works, and/or products in packaging and/or containing labels bearing the HICKIES Marks and HICKIES Works, and/or bearing or used in connection with marks and/or artwork that is confusingly or substantially similar to the HICKIES Marks and/or HICKIES Works, and/or are identical or confusingly or substantially similar to the HICKIES Products (the "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' Online Accounts. Printouts of listings for Infringing Products from Defendants' Online Accounts are included in **Exhibit D** attached hereto and incorporated herein by reference.

49. Defendants are not, and have never been, authorized by HICKIES or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the HICKIES Products or to use the HICKIES Marks or HICKIES Works, or any marks or artwork that are confusingly or substantially similar to the HICKIES Marks or HICKIES Works.

50. Defendants' Infringing Products are nearly indistinguishable from the HICKIES Products, with only minor variations that no ordinary consumer would recognize.

51.     HICKIES authorized Epstein Drangel LLP to retain New Alchemy Limited ("NAL"), a company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Infringing Products on the Digital Marketplaces.

52.     During its investigation, NAL identified Defendants as offering for sale and/or selling Infringing Products and contacted Defendants through their respective Defendants' Online Accounts expressing interest in placing an order for Infringing Products and inquiring about methods of payment.  NAL also often requested the respective Defendant's e-mail addresses.  Printouts of NAL's conversations with Defendants are included in **Exhibit D** attached hereto and incorporated herein by reference.

53.     During its communications with Defendants, NAL specified a shipping address located in in New York (the "New York Address") and verified that each Defendant provides shipping to the New York Address.  Printouts of the checkout pages, order forms and/or pro forma invoices for the Infringing Products reflecting that the Defendants agreed to ship Infringing Products to the New York Address are included in **Exhibit D** attached hereto and incorporated herein by reference.

54.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Infringing Products through their respective Defendants' Online Accounts, accepting payment for such Infringing Products in U.S. Dollars through various payment processing services and that each Defendant provides shipping and/or has actually shipped Infringing Products to the U.S., including to customers located in New York. NAL's findings are supported by Defendants' listings for Infringing Products, their communications with NAL

and/or the checkout pages and order forms and/or pro forma invoices for the Infringing Products, which are included in **Exhibit D** attached hereto and incorporated herein by reference.

55.    For example, depicted beneath on the left is an image of one of the HICKIES Products which typically retails for $17.99. Depicted beneath on the right is the listing for Defendant blingblingblinggirls' Infringing Product ("blingblingblinggirls Infringing Listing") that features and/or incorporates one or more of the HICKIES Marks, or a confusingly similar mark, and/or one or more of the HICKIES Works in the descriptions and/or product images in the body of the listing ("blingblingblinggirls Infringing Products"). Defendant blingblingblinggirls offers for sale and/or sells the blingblingblinggirls Infringing Products through its DHgate.com Online Account, https://www.dhgate.com/store/20669728 ("blingblingblinggirls Online Account), for $0.13 – $0.24 per item. The blingblingblinggirls Infringing Products are virtually identical to the HICKIES Products and feature and/or incorporate one or more of the HICKIES Marks and/or HICKIES Works. There is no question that the blingblingblinggirls Infringing Products are designed to confuse and mislead consumers into believing that they are purchasing one of the HICKIES Products or that the blingblingblinggirls Infringing Products are otherwise approved by or sourced from HICKIES, thereby trading off of the goodwill and reputation of HICKIES by engaging in the unauthorized use of the HICKIES Marks and/or HICKIES Works:

**HICKIES Product**                    **Defendant's Infringing Product**



56.     The blingblingblinggirls Infringing Listing also demonstrates that it provides free

shipping to the U.S.:



57.     As another example, depicted beneath on the left is an image of one of the

HICKIES Products which typically retails for $17.99.  Depicted beneath on the right is the listing

for Defendant Dongguan Xingzhong Silicone & Plastic Product Co., Ltd.'s Infringing Product

("Dongguan Xingzhong Infringing Listing") that features and/or incorporates one or more of the

HICKIES Marks, or a confusingly similar mark, and/or one or more of the HICKIES Works in

the descriptions and/or product images in the body of the listing ("Dongguan Xingzhong Infringing Products"). Dongguan Xingzhong offers for sale and/or sells the Dongguan Xingzhong Infringing Products through its Alibaba.com Online Account, https://xingyuansilicone.en.alibaba.com/ ("Dongguan Xingzhong Online Account), for $2.18 per item.  The Dongguan Xingzhong Infringing Products are virtually identical to one of the HICKIES Products and feature and/or incorporate one or more of the HICKIES Marks and/or HICKIES Works.  There is no question that the Dongguan Xingzhong Infringing Products are designed to confuse and mislead consumers into believing that they are purchasing one of the HICKIES Products or that the Dongguan Xingzhong Infringing Products are otherwise approved by or sourced from HICKIES, thereby trading off of the goodwill and reputation of HICKIES by engaging in the unauthorized use of the HICKIES Marks and/or HICKIES Works:

| **HICKIES Product** | **Defendant's Infringing Listing** |
|---|---|



58.     The Dongguan Xingzhong Infringing Listing also reflects that Dongguan Xingzhong accepts payment in U.S. Dollars, as depicted in the beneath screenshot taken from the Dongguan Xingzhong Infringing Listing:



2007 Hot sale no tie leather elastic silicone shoelaces sold in Amazon

FOB Reference Price: Get Latest Price
>=3000
**US $2.18**

Supply Ability:     100000 Piece/Pieces per Month
Port:               ShenZhen

☑ Contact Supplier

☺ Chat Now

Payment:     visa 💳 T/T  e-Checking  More ∨

59.     By way of another example, depicted beneath on the left is an image of one of the HICKIES Products which typically retails for $17.99. Depicted beneath on the right is the listing for Defendant Shop1668638 Store a/k/a Professional Shoes Trading Company's Infringing Product ("Professional Shoes Infringing Listing") that features and/or incorporates one or more of the HICKIES Marks, or a confusingly similar mark, and/or one or more of the HICKIES Works in the descriptions and/or product images in the body of the listing ("Professional Shoes Infringing Products"). Professional Shoes offers for sale and/or sells the Professional Shoes Infringing Products through its AliExpress.com Online Account, https://aliexpress.com/store/1668638 ("Professional Shoes Online Account), for $150.00 per set. The Professional Shoes Infringing Products are virtually identical to one of the HICKIES Products and feature and/or incorporate one or more of the HICKIES Marks and/or HICKIES Works. There is no question that the Professional Shoes Infringing Products are designed to confuse and mislead consumers into believing that they are purchasing one of the HICKIES

Products or that the Professional Shoes Infringing Products are otherwise approved by or sourced

from HICKIES, thereby trading off of the goodwill and reputation of HICKIES by engaging in

the unauthorized use of the HICKIES Marks and/or HICKIES Works:

**HICKIES Product**    **Defendant's Infringing Listing**

    

60.    The Professional Shoes Infringing Listing also reflects that Professional Shoes

accepts payment in U.S. Dollars.  Further, as depicted in the screenshot of Professional Shoes'

"Shipping and Payment" beneath, which was taken from the Professional Shoes Infringing

Listing, Professional Shoes offers free shipping to the U.S.:

    

61.     By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products), Defendants violated HICKIES' exclusive rights in its HICKIES Marks and/or HICKIES Works, and have used images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or infringement of the HICKIES Marks and HICKIES Works in order to confuse consumers into believing that such Infringing Products are HICKIES Products and aid in the promotion and sales of their Infringing Products. Defendants' conduct began long after HICKIES' adoption and use of the HICKIES Marks and HICKIES Works, after HICKIES obtained the U.S. registrations for the same and after the HICKIES Products and HICKIES Marks became well-known to the purchasing public.

62.     Prior to and contemporaneous with their actions alleged herein, Defendants had knowledge of HICKIES' ownership of the HICKIES Marks and HICKIES Works, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the HICKIES Products, and in bad faith adopted the HICKIES Marks and HICKIES Works.

63.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to HICKIES' rights, or in bad faith, for the purpose of trading on the goodwill and reputation of HICKIES, HICKIES Marks, HICKIES Works and HICKIES Products.

64.     Defendants' dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Infringing

23

Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with HICKIES, thereby damaging HICKIES.

65.  In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to HICKIES: infringed and counterfeited the HICKIES Marks; infringed the HICKIES Works; committed unfair competition; and unfairly and unjustly profited from such activities at HICKIES' expense.

66.  Unless enjoined, Defendants will continue to cause irreparable harm to HICKIES.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))**

67.  HICKIES repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

68.  HICKIES is the exclusive owner of all right and title to the HICKIES Marks.

69.  HICKIES has continuously used HICKIES Marks in interstate commerce since on or before the date of first use as reflected in its registrations attached hereto as **Exhibit B**.

70.  Without HICKIES' authorization or consent, with knowledge of HICKIES' well-known and prior rights in the HICKIES Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the HICKIES Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the HICKIES Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

71.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with HICKIES, in or affecting interstate commerce, and/or have acted with reckless disregard of HICKIES' rights in and to the HICKIES Marks through their participation in such activities.

72.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the HICKIES Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by HICKIES, thereby making substantial profits and gains to which they are not entitled in law or equity.

73.     Defendants' unauthorized use of the HICKIES Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by HICKIES, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the HICKIES Marks.

74.     Defendants' actions constitute willful counterfeiting of the HICKIES Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

75.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to

HICKIES, its business, its reputation and its valuable rights in and to the HICKIES Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which HICKIES has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to HICKIES and the valuable HICKIES Marks.

76.     Based on Defendants' actions as alleged herein, HICKIES is entitled to injunctive relief, damages for the irreparable harm that HICKIES has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Infringement of Registered Trademarks)**
**[115 U.S.C. § 1114/Lanham Act § 32(a)]**

77.     HICKIES repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

78.     HICKIES has continuously used the HICKIES Marks in interstate commerce since on or before the date of first use as reflected in the registrations attached hereto as **Exhibit B**.

79.     HICKIES, as owner of all right, title, and interest in and to the HICKIES, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

80.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that HICKIES is the owner of the federal trademark registrations for the HICKIES Marks.

81.     Defendants did not seek, and thus inherently failed to obtain consent or authorization from HICKIES, as the registered trademark owner of the HICKIES Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell HICKIES Products and/or related products bearing the HICKIES Marks into the stream of commerce.

82.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Infringing Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the HICKIES Marks and/or which are identical or confusingly similar to the HICKIES Marks.

83.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the HICKIES Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Infringing Products.

84.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that HICKIES is the owner of all rights in and to the HICKIES Marks.

85.     Defendants' egregious and intentional use of the HICKIES Marks in commerce on or in connection with Defendants' Infringing Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Infringing Products, and is likely to

deceive the public into believing that Defendants' Infringing Products are the HICKIES Products or are otherwise associated with, or authorized by, HICKIES.

86.     Defendants' actions have been deliberate and committed with knowledge of HICKIES' rights and goodwill in the HICKIES Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

87.     Defendants' continued, knowing and intentional use of the HICKIES Marks without HICKIES' consent or authorization constitutes intentional infringement of HICKIES' federally registered HICKIES Marks  in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

88.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, HICKIES has suffered substantial monetary loss and irreparable injury, loss and damage to their business and their valuable rights in and to the HICKIES Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to HICKIES and its valuable HICKIES Marks.

89.     Based on Defendants' actions as alleged herein, HICKIES is entitled to injunctive relief, damages for the irreparable harm that HICKIES has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(False Designation of Origin, Passing Off & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

90.    HICKIES repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

91.    HICKIES as the owner of all right, title, and interest in and to the HICKIES Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

92.    The HICKIES Marks are inherently distinctive and/or have acquired distinctiveness.

93.    Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the HICKIES Marks, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Infringing Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Infringing Products are HICKIES Products or related products, and/or that Defendants' Infringing Products are authorized, sponsored, approved, endorsed or licensed by HICKIES, and/or that Defendants are affiliated, connected or associated with HICKIES, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the HICKIES Marks to Defendants' substantial profit in blatant disregard of HICKIES' rights.

94.    By manufacturing, importing, exporting, advertising, marketing, promoting,

distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products that are identical to, confusingly similar to or which constitute colorable imitations of HICKIES Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the HICKIES Marks, Defendants have traded off the extensive goodwill of HICKIES and the HICKIES Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Infringing Products, thereby directly and unfairly competing with HICKIES. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of HICKIES and the HICKIES Marks, which HICKIES has amassed through its nationwide marketing, advertising, sales and consumer recognition.

95.      Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the HICKIES Marks would cause confusion, mistake or deception among purchasers, users and the public.

96.      Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of HICKIES, its HICKIES Products and HICKIES Marks.

97.      As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to HICKIES by depriving HICKIES of sales of its HICKIES Products and by depriving HICKIES of the value of its HICKIES Marks as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no

30

adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to HICKIES and the goodwill and reputation associated with the value of the HICKIES Marks.

98.     Based on Defendants' wrongful conduct, HICKIES is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that HICKIES has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

99.     HICKIES repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

100.    HICKIES is the exclusive owner of the HICKIES Works.

101.    Defendants had actual notice of HICKIES' exclusive rights in and to the HICKIES Works.

102.    Defendants did not attempt and failed to obtain HICKIES' consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market HICKIES' HICKIES Products and/or HICKIES Works.

103.    Without permission, Defendants knowingly and intentionally reproduced, copied and displayed HICKIES' HICKIES Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products which bear such HICKIES Works, or artwork that is, at a minimum, substantially

similar to HICKIES' HICKIES Works.

104.    Defendants' unlawful and willful actions as alleged herein, constitute infringement of HICKIES' HICKIES Works, including HICKIES' exclusive rights to reproduce, distribute and/or sell such HICKIES Works in violation of 17 U.S.C. § 501(a).

105.    Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to HICKIES in an amount as yet unknown but to be proven at trial, for which HICKIES has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to HICKIES.

106.    Based on Defendants' wrongful conduct, HICKIES is entitled to injunctive relief, HICKIES' actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices Unlawful)
### [N.Y. Gen. Bus. Law § 349]

107.    HICKIES repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

108.    Through Defendants' unlawful, unauthorized and unlicensed use of the HICKIES Marks and/or HICKIES Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products which are identical and/or confusingly or substantially similar to the HICKIES Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

109.    Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure HICKIES' business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

110.    As a result of Defendants' actions alleged herein, HICKIES has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

111.    Pursuant to N.Y. Gen. Bus. Law. § 349(h), HICKIES is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(False Advertising Unlawful)**
**[N.Y. Gen. Bus. Law § 350]**

112.    HICKIES repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

113.    Without the authorization of HICKIES, Defendants have used the HICKIES Marks and/or HICKIES Works and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the HICKIES Marks and/or HICKIES Works in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products which are identical and/or confusingly or substantially similar to the HICKIES Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Infringing Products.

114.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure HICKIES' business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

115.     As a result of Defendants' actions alleged herein, HICKIES has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

116.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), HICKIES is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

117.     HICKIES repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

118.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products, Defendants have traded off the extensive goodwill of HICKIES and its HICKIES Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with HICKIES. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of HICKIES which HICKIES has amassed through its nationwide marketing, advertising, sales and consumer recognition.

119.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products was and is in violation and derogation of HICKIES' rights and is likely to cause confusion and mistake, and to deceive

consumers and the public as to the source, origin, sponsorship or quality of Defendants' Infringing Products.

120.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

121.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of HICKIES' rights, and for the wrongful purpose of injuring HICKIES and its competitive position while benefiting Defendants.

122.    As a direct and proximate result of Defendants' aforementioned wrongful actions, HICKIES has been and will continue to be deprived of substantial sales of its HICKIES Products in an amount as yet unknown but to be determined at trial, for which HICKIES has no adequate remedy at law, and HICKIES has been and will continue to be deprived of the value of its HICKIES Marks and HICKIES Works as commercial assets in an amount as yet unknown but to be determined at trial, for which HICKIES has no adequate remedy at law.

123.    As a result of Defendants' actions alleged herein, HICKIES is entitled to injunctive relief, an order granting HICKIES' damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

### EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

124.    HICKIES repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

125.    By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

126.    Defendants' retention of monies gained through its deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

### PRAYER FOR RELIEF

**WHEREFORE**, HICKIES prays for judgment against Defendants, inclusive, and each of them, as follows:

A.    For an award of Defendants' profits and HICKIES' damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.    In the alternative to Defendants' profits and HICKIES' actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale

or distributed, as the court considers just, which HICKIES may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and HICKIES' damages in an amount to be proven at trial for willful trademark infringement of its federally registered HICKIES Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and HICKIES' damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of HICKIES' actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of the HICKIES Works under 17 U.S.C. § 501(a);

F.      In the alternative to HICKIES' actual damages and Defendants' profits for copyright infringement of the HICKIES Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which HICKIES may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

        i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

        ii.  directly or indirectly infringing in any manner any of HICKIES' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the HICKIES Marks or HICKIES Works;

        iii. using any reproduction, counterfeit, copy or colorable imitation of HICKIES' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the HICKIES Marks and HICKIES Works to identify any goods or services not authorized by HICKIES;

        iv.  using any of HICKIES' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the HICKIES Marks and HICKIES Works, or any other marks or artwork that are confusingly or substantially similar to the HICKIES Marks and HICKIES Works on or in connection with Defendants' manufacturing,

importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with HICKIES, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by HICKIES;

vi. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii. engaging in any other actions that constitute unfair competition with HICKIES;

viii. engaging in any other act in derogation of HICKIES' rights;

ix. secreting, destroying, altering, removing or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

x. from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Online Accounts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to accounts associated with or utilized by any Defendant or any Defendant's Online Accounts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

xi. from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

xiii. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xii) above; and

L.     For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to HICKIES for destruction any and all Infringing and/or

Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of HICKIES' trademarks, copyrights or other rights including, without limitation, the HICKIES Marks or HICKIES Works, or bear any marks that are confusingly or substantially similar to the HICKIES Marks and HICKIES Works;

M.      For an order of the Court requiring that Defendants deliver up for destruction to HICKIES any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of HICKIES trademarks, copyrights or other rights including, without limitation, the HICKIES Marks or HICKIES Works, or bear any marks that are confusingly or substantially similar to the HICKIES Marks and HICKIES Works pursuant to 15 U.S.C. § 1118;

N.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to HICKIES;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.  For HICKIES' reasonable attorneys' fees;

R.  For all costs of suit; and

S.  For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

HICKIES respectfully demands a trial by jury on all claims.


Dated: November 21, 2017                    Respectfully submitted,

                                            EPSTEIN DRANGEL LLP

                                            BY: _____
                                                Spencer Wolgang (SW 2389)
                                                swolgang@ipcounselors.com
                                                Mary Kate Brennan (MB 5595)
                                                mbrennan@ipcounselors.com
                                                Ashly E. Sands (AS 7715)
                                                asands@ipcounselors.com
                                                Jason M. Drangel (JD 7204)
                                                jdrangel@ipcounselors.com
                                                60 East 42nd Street, Suite 2520
                                                New York, NY 10165
                                                Telephone:    (212) 292-5390
                                                Facsimile:    (212) 292-5391
                                                *Attorneys for Plaintiff*
                                                *HICKIES, Inc.*

# EXHIBIT A

















# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# HICKIES

**Reg. No. 5,008,264**

**Registered Jul. 26, 2016**

**Int. Cl.: 9, 26**

**Trademark**

**Principal Register**

Hickies, Inc. (DELAWARE CORPORATION)
134 N 4th St. 2nd Floor
Brooklyn, NY 11249

CLASS 9: Downloadable interactive mobile applications that enable users to search an online searchable database in the field of clothing, clothing accessories, shoelaces, rubber cords, laces and straps, and to view product information, purchase and personalize consumer goods, and upload photographs to social media sites and other media platforms.

FIRST USE 9-12-2012; IN COMMERCE 9-12-2012

CLASS 26: Laces for footwear; shoe eyelet covers; shoe strings; shoe laces; shoe ornaments not of precious metal.

FIRST USE 6-00-2010; IN COMMERCE 4-30-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR.

OWNER OF U.S. REG. NO. 4200121

SER. NO. 86-978,703, FILED 07-03-2014

SALLY SHIH, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office



# United States of America
## United States Patent and Trademark Office

# HICKIES

**Reg. No. 4,200,125**

**Registered Aug. 28, 2012**

**Int. Cl.: 26**

**TRADEMARK**

**PRINCIPAL REGISTER**

HICKIES, INC. (DELAWARE CORPORATION)
3411 SILVERSIDE ROAD
RODNEY BUILDING #104
WILMINGTON, DE 19810

FOR: SHOE LACES, IN CLASS 26 (U.S. CLS. 37, 39, 40, 42 AND 50).

FIRST USE 6-0-2010; IN COMMERCE 4-30-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-976,869, FILED 6-7-2010.

JOHN KELLY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,882,758**

**Registered Jan. 5, 2016**

**Int. Cl.: 26**

**TRADEMARK**

**PRINCIPAL REGISTER**

HICKIES, INC. (DELAWARE CORPORATION)
240 KENT AVE, 3RD FLOOR, SUITE B12
BROOKLYN, NY 11211

FOR: LACES FOR FOOTWEAR; SHOE LACES; SHOE ORNAMENTS NOT OF PRECIOUS
METAL; SHOE STRINGS, IN CLASS 26 (U.S. CLS. 37, 39, 40, 42 AND 50).

FIRST USE 10-28-2015; IN COMMERCE 10-28-2015.

OWNER OF U.S. REG. NO. 4,200,125.

THE MARK CONSISTS OF A STYLIZED LETTER "K" WITHOUT A VERTICAL STROKE
ENCASED IN A CIRCLE, TO THE LEFT OF THE STYLIZED WORD "HICKIES".

SN 86-425,767, FILED 10-16-2014.

MARK SHINER, EXAMINING ATTORNEY



Michelle K. Lee

Director of the United States
Patent and Trademark Office

# EXHIBIT C

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-918-449**

**Effective date of registration:**

May 29, 2014

## Title

| | |
|---|---|
| **Title of Work:** | HICKIES - for Kids |
| | HICKIES - for Athletes and Weekend Warriors |
| | HICKIES - for Color Freaks |
| | HICKIES - for Show Offs |
| | HICKIES - for Creative Brains |
| | HICKIES - One Size Only |
| | HICKIES - Make your sneakers more comfortable |
| | HICKIES - Slip into your shoe |
| | HICKIES - Sitting down cross-leg |
| | HICKIES - for Lazy Bastards |
| | HICKIES - for Simply You |
| | HICKIES - for Grandpa-Backpain |
| **Title of Larger Work:** | HICKIES First Kickstarter Campaign Photos |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2012 | | |
| **Date of 1st Publication:** | April 30, 2012 | **Nation of 1st Publication:** | United States |

## Author

| | | | |
|---|---|---|---|
| ■ **Author:** | HICKIES Inc. | | |
| **Author Created:** | photograph(s) | | |
| **Work made for hire:** | Yes | | |
| **Citizen of:** | United States | **Domiciled in:** | United States |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | HICKIES Inc. |
| | 240 Kent Avenue, 3rd Floor, Suite B12, Brooklyn, NY, 11249, United States |
| **Transfer Statement:** | By written agreement |

## Rights and Permissions

**Organization Name:** HICKIES Inc.

**Email:** legal@hickies.com

**Address:** 240 Kent Avenue, 3rd Floor, Suite B12

Brooklyn, NY 11249  United States

## Certification

**Name:** Charles Chen

**Date:** May 29, 2014



**Registration #:**  VA0001918449
**Service Request #:**  1-1471056821



HICKIES Inc.
Charles Chen
240 Kent Avenue, 3rd Floor, Suite B12
Brooklyn, NY 11249  United States















# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

VA 1-880-677

**Effective date of
registration:**

November 12, 2013

## Title

**Title of Work:** Multicolored Hickies Cross Legged Photo

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** April 30, 2012     **Nation of 1st Publication:** United States

## Author

**Author:** Hickies Inc.

**Author Created:** photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Hickies Inc.

240 Kent Avenue, Suite B14, Brooklyn, NY, 11211, United States

## Certification

**Name:** Jeffrey M. Rollings

**Date:** November 12, 2013

**Registration #:**   VA0001880677
**Service Request #:**   1-1020359321



Lackenbach Siegel, LLP
Jeffrey M. Rollings
One Chase Road
Scarsdale, NY 10583  United States



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-880-705

**Effective date of registration:**

November 12, 2013

## Title

**Title of Work:** Shoe One Through Five Drawing

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** April 30, 2012     **Nation of 1st Publication:** United States

## Author

**Author:** Start Here Inc. d/b/a Little Fury Design

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Hickies Inc.

240 Kent Avenue, Suite B14, Brooklyn, NY, 11211, United States

**Transfer Statement:** By written agreement

## Certification

**Name:** Jeffrey M. Rollings

**Date:** November 12, 2013

**Registration #:** VA0001880705
**Service Request #:** 1-1020377741



Lackenbach Siegel, LLP
Jeffrey M. Rollings
One Chase Road
Scarsdale, NY 10583  United States



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
**VA 1-924-241**

**Effective date of registration:**
August 15, 2014

## Title

| | |
|---|---|
| **Title of Work:** | HICKIES lace diagram on changing heads |
| **Title of Larger Work:** | Illustrations on how to use HICKIES laces |
| **Contents Titles:** | HICKIES lace diagram on changing heads |
| | HICKIES lace diagram of vertical parts |
| | HICKIES lace diagram of laces connected |
| | HICKIES lace diagram from different views |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2012 | | |
| **Date of 1st Publication:** | April 30, 2012 | **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| ■ **Author:** | Start Here Inc. d/b/a/ Little Fury Design |
| **Author Created:** | 2-D artwork |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | HICKIES Inc. |
| | 240 Kent Avenue, 3rd Floor, Suite B12, Brooklyn, NY, 11211 |
| **Transfer Statement:** | By written agreement |

## Certification

| | |
|---|---|
| **Name:** | Charles Chen |
| **Date:** | August 15, 2014 |

**Registration #:**  VA0001924241
**Service Request #:**  1-1471178346



HICKIES Inc.
Charles Chen
240 Kent Avenue, 3rd Floor, Suite B12
Brooklyn, NY 11211  United States







